IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON SCUTT, | ) CIVIL NO. 20-00187 HG-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION THAT THE |
| vs. | ) DISTRICT COURT GRANT |
| | ) PLAINTIFF'S APPLICATION TO |
| KAISER PERMANENTE WAILUKU | ) PROCEED WITHOUT PREPAYING |
| MEDICAL OFFICE AND MAUI | ) FEES AND DISMISS THE |
| MEMORIAL HOSPITAL, | ) COMPLAINT WITH LEAVE TO |
| | ) AMEND |
| Defendants. | ) |
| | ) |

FINDINGS AND RECOMMENDATION THAT THE
DISTRICT COURT GRANT PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYING FEES AND
DISMISS THE COMPLAINT WITH LEAVE TO AMEND

Plaintiff filed a Complaint on April 24, 2020, against Kaiser Permanente Wailuku Medical Office and Maui Memorial Hospital.  See ECF No. 1.  Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Application).  See ECF No. 2.  After careful consideration of the Complaint and Application, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Application and DISMISS the Complaint with leave to amend.

DISCUSSION

**I.  The Court RECOMMENDS that the District Court GRANT Plaintiff's Application**

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  See 28 U.S.C. § 1915(a)(1).  For purposes of determining whether to grant an application to proceed without prepayment of fees, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).  Here, Plaintiff's Application states that she receives $50 in income from a start-up business and less than $200 in income from part-time consulting work.  See ECF No. 2 at 2.  Based on the information provided in Plaintiff's Application, the Court finds that Plaintiff has demonstrated that she is unable to pay court fees at this time and recommends that the district court GRANT Plaintiff's Application.  See 28 U.S.C. § 1915.

## II.  The Court RECOMMENDS that the District Court DISMISS Plaintiff's Complaint with Leave to Amend

The court must subject each action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that fails to state a claim).

Additionally, the Court has an obligation to investigate whether it has subject matter jurisdiction, and lack of subject matter jurisdiction may be raised by the Court at any time.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004).  In order for a claim properly to be in the United States District Court, the Court must have either (1) federal question jurisdiction under 28 U.S.C. § 1331, or (2) diversity jurisdiction under 28 U.S.C. § 1332.

First, the Complaint does not assert any federal causes of action, such that the court could have federal question subject matter jurisdiction under 28

3

U.S.C. § 1331.  See ECF No. 1.  Instead, it appears that Plaintiff is asserting a state law negligence claim against Defendants related to medical care that she received in 2018 and 2019.  See ECF No. 1 at 3-7.  Based on the allegations in the Complaint, there is no basis for federal question jurisdiction because Plaintiff's claims do not arise under the Constitution, laws, or treaties of the United States.

Second, diversity jurisdiction is available in actions between parties who are citizens of different states.  See 28 U.S.C. § 1332(a).  Subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  Based on the allegations in the Complaint, Plaintiff is a citizen of Hawaii and Defendant Kaiser Permanente Wailuku Medical Office is a citizen of California.  See ECF No. 1 at 3 (stating that Kaiser Permanente is incorporated in California and has its principal place of business in California).  However, Plaintiff does not provide any allegations regarding the citizenship of Defendant Maui Memorial Medical Center but does provide its address, which is in Hawaii.  See id. at 2.  Even if there is diversity of citizenship between Plaintiff and Defendant Kaiser Permanente Wailuku Medical Office, there must be complete diversity of citizenship between Plaintiff and *all* Defendants.  See Caterpillar Inc., 519 U.S. at

4

68. Because Plaintiff has failed to sufficiently allege federal jurisdiction, Plaintiff's Complaint must be dismissed.

Although the Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED without prejudice and Plaintiff be given leave to file an amended complaint no later than thirty days from the district court's adoption of this Findings and Recommendation. If Plaintiff chooses to file an amended complaint, she must include factual allegations demonstrating diversity jurisdiction exists, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the original Complaint by reference. See Local Rule 10.4.

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) GRANT Plaintiff's Application to Proceed Without Prepayment of Fees;

2) DISMISS Plaintiff's Complaint with leave to file an amended complaint curing the deficiencies identified above no later than thirty days from the district court's adoption of this Findings and Recommendation;

3) REFER the screening of any amended complaint to the undersigned;

4) CAUTION Plaintiff that failure to file an amended complaint within the time frame specified above will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 28, 2020.



Wes Reber Porter
United States Magistrate Judge

**SCUTT V. KAISER PERMANENTE WAILUKU MEDICAL OFFICE, ET AL.; CIVIL NO. 20-00187 HG-WRP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND**