IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON SCUTT, | ) CIVIL NO. 20-00187 HG-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION THAT THE |
| vs. | ) DISTRICT COURT DISMISS THE |
| | ) FIRST AMENDED COMPLAINT |
| KAISER PERMANENTE WAILUKU | ) WITH LEAVE TO AMEND |
| MEDICAL OFFICE AND MAUI | ) |
| MEMORIAL HOSPITAL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

FINDINGS AND RECOMMENDATION THAT
THE DISTRICT COURT DISMISS THE FIRST
AMENDED COMPLAINT WITH LEAVE TO AMEND

On April 24, 2020, Plaintiff filed a Complaint against Kaiser Permanente Wailuku Medical Office and Maui Memorial Hospital, which appeared to assert a state law negligence claim against Defendants related to medical care that she received in 2018 and 2019.  See ECF No. 1.

On April 28, 2020, this Court issued a Findings and Recommendation that the District Court Grant Plaintiff's Application to Proceed Without Prepaying Fees and Dismiss the Complaint with Leave to Amend (April 2020 Findings and Recommendation).  See ECF No. 6.  In the April 2020 Findings and Recommendation, the Court found that Plaintiff had failed to establish subject matter jurisdiction.  See id.  Specifically, the Court found that the Complaint did

not assert any federal causes of action, such that the court could have federal question subject matter jurisdiction under 28 U.S.C. § 1331.  See id.  Further, the Court found that diversity jurisdiction was not available because there was not complete diversity of citizenship between Plaintiff and *all* Defendants; namely, it appeared that Plaintiff and Defendant Maui Memorial Medical Center were both citizens of Hawaii.  See id. (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  Accordingly, the Court recommended that the district court dismiss Plaintiff's Complaint and refer the screening of any amended complaint to the undersigned.  See id.

On May 3, 2020, before the district court had an opportunity to rule on the April 2020 Findings and Recommendation, Plaintiff filed a First Amended Complaint.  See ECF No. 8.

On May 18, 2020, the district court issued an Order adopting the April 2020 Findings and Recommendation.  See ECF No. 9.

After careful consideration of the First Amended Complaint, the Court FINDS AND RECOMMENDS that the district court DISMISS the First Amended Complaint with leave to file a Second Amended Complaint.

## DISCUSSION

Because Plaintiff is proceeding without prepaying fees under 28 U.S.C. § 1915(a), the court is required to screen Plaintiff's claims and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The Court also has an obligation to investigate whether it has subject matter jurisdiction, and lack of subject matter jurisdiction may be raised by the Court at any time. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004). To remain in the United States District Court, the Court must have either (1) federal question jurisdiction under 28 U.S.C. § 1331, or (2) diversity jurisdiction under 28 U.S.C. § 1332.

In the First Amended Complaint, it appears that Plaintiff again asserts a state law negligence claim against Defendants related to medical care that she

3

received in 2018 and 2019.  See ECF No. 8.

First, Plaintiff's claims again do not arise under the Constitution, laws, or treaties of the United States.  See ECF No. 8.  As with Plaintiff's original Complaint, the First Amended Complaint does not assert any federal causes of action giving rise to subject matter jurisdiction under 28 U.S.C. § 1331.  See id.

Second, Plaintiff concedes that the First Amended Complaint fails to assert diversity jurisdiction because "the complete diversity of citizenship requirement would not be met" as Defendant Maui Memorial is based in Hawaii.  See id. at 3.

Third, Plaintiff argues that the Court should exercise "pendant jurisdiction" over the claims against Defendant Maui Memorial.  See id. at 3-4.  Pendant jurisdiction allows a federal court to exercise jurisdiction over state law claims only when a related federal claim is pending in the same action.  See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).  Here, because Plaintiff does not assert a federal law claim, the Court cannot have "pendant jurisdiction" over her state law claims against the nondiverse Defendant Maui Memorial.  See ECF No. 8.

Because Plaintiff has failed to sufficiently allege federal subject matter jurisdiction, Plaintiff's First Amended Complaint must be dismissed.

Although the Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Here, as the Court previously found based on the allegations in the original Complaint, there is diversity between Plaintiff, a citizen of Hawaii, and Defendant Kaiser Permanente Wailuku Medical Office, a California entity.  See ECF No. 1 at 3 (stating that Kaiser Permanente is incorporated in California and has its principal place of business in California).  Accordingly, Plaintiff could file an amended complaint that asserts claims against only the diverse defendant, Kaiser Permanente Wailuku Medical Office, which would sufficiently allege federal subject matter jurisdiction.

Accordingly, the Court RECOMMENDS that the First Amended Complaint be DISMISSED without prejudice and Plaintiff be given leave to file a second amended complaint no later than thirty days after the district court's adoption of this Findings and Recommendation.  If Plaintiff chooses to file a second amended complaint, she must include factual allegations demonstrating diversity jurisdiction exists, the document must be clearly designated as the "Second Amended Complaint," the document must include all factual allegations,

and may not incorporate by reference any part of the original Complaint or the First Amended Complaint.  See Local Rule 10.4.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's First Amended Complaint with leave to file a second amended complaint curing the deficiencies identified above no later than thirty days from the district court's adoption of this Findings and Recommendation, REFER the screening of any amended complaint to the undersigned, and CAUTION Plaintiff that failure to file a second amended complaint within the time frame specified above will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 4, 2020.



_____
Wes Reber Porter
United States Magistrate Judge

**SCUTT V. KAISER PERMANENTE WAILUKU MEDICAL OFFICE, ET AL.;
CIVIL NO. 20-00187 HG-WRP; FINDINGS AND RECOMMENDATION THAT
THE DISTRICT COURT DISMISS THE FIRST AMENDED COMPLAINT WITH
LEAVE TO AMEND**