IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON SCUTT, | ) CIVIL NO. 20-00187 HG-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION THAT THE |
| vs. | ) DISTRICT COURT DISMISS THE |
| | ) SECOND AMENDED COMPLAINT |
| KAISER PERMANENTE WAILUKU | ) IN PART |
| MEDICAL CLINICS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT
COURT DISMISS THE SECOND AMENDED COMPLAINT IN PART

On April 24, 2020, Plaintiff filed a Complaint against Kaiser

Permanente Wailuku Medical Office and Maui Memorial Hospital, which

appeared to assert a state law negligence claim against Defendants related to

medical care that she received in 2018 and 2019.  See ECF No. 1.

On April 28, 2020, this Court issued a Findings and Recommendation

that the District Court Grant Plaintiff's Application to Proceed Without Prepaying

Fees and Dismiss the Complaint with Leave to Amend (Findings and

Recommendation).  See ECF No. 6.  In the Findings and Recommendation, the

Court found that Plaintiff had failed to establish subject matter jurisdiction.  See id.

Specifically, the Court found that the Complaint did not assert any federal causes

of action, such that the court could have federal question subject matter jurisdiction

under 28 U.S.C. § 1331.  See id.  Further, the Court found that diversity

jurisdiction was not available because there was not complete diversity of

citizenship between Plaintiff and all Defendants.  That is, Plaintiff and Defendant

Maui Memorial Medical Center were both citizens of Hawaii.  See id. (citing

Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  Because Plaintiff had failed to

sufficiently allege subject matter jurisdiction, the Court recommended that the

district court dismiss Plaintiff's Complaint and refer the screening of any amended

complaint to the undersigned.  See id.

On May 3, 2020, before the district court had an opportunity to rule

on the Findings and Recommendation, Plaintiff filed a First Amended Complaint

against Kaiser Permanente Wailuku Medical Office and Maui Memorial Hospital,

which again appeared to assert a state law negligence claim related to medical care

she received in 2018 and 2019.  See ECF No. 8.

On May 18, 2020, the district court issued an Order adopting the

Findings and Recommendation.  See ECF No. 9.

On June 4, 2020, this Court issued a Findings and Recommendation

that the District Court Dismiss the First Amended Complaint with Leave to Amend

(Second Findings and Recommendation).  See ECF No. 10.  In the Second

Findings and Recommendation, the Court found that Plaintiff had again failed to

establish subject matter jurisdiction because the First Amended Complaint did not assert a federal claim and complete diversity was lacking.  See id.  The Court recommended that the district court dismiss Plaintiff's First Amended Complaint and refer the screening of any second amended complaint to the undersigned.  See id.

On June 7, 2020, before the district court had an opportunity to rule on the Second Findings and Recommendation, Plaintiff filed a Second Amended Complaint against Kaiser Permanente Wailuku Medical Clinics (Kaiser).  See ECF No. 11.

On June 24, 2020, the district court issued an Order adopting the Second Findings and Recommendation.  See ECF No. 12.

After careful consideration of the Second Amended Complaint, the Court the Court FINDS AND RECOMMENDS that the district court DISMISS the Second Amended Complaint in part.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

DISCUSSION

Because Plaintiff is proceeding without prepaying fees under 28 U.S.C. § 1915(a), the court is required to screen Plaintiff's claims and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The court must set aside the plaintiff's conclusory factual allegations, accept as true the plaintiff's non-conclusory factual allegations, and determine whether these allegations state a plausible claim for relief.  See Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim.  See UMG Recordings, Inc. v. Shelter Capital Partners LLC, 718 F.3d 1006, 1014 (9th Cir.

4

2013).  Additionally, the Court has an obligation to investigate whether it has subject matter jurisdiction.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004).  Because Plaintiff is appearing pro se in this action, the Court must construe the Second Amended Complaint liberally, in the light most favorable to Plaintiff, and accept all non-conclusory allegations of material fact as true.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (stating that pleadings filed pro se "must be held to less stringent standards than formal pleadings drafted by lawyers").

First, the Court finds that Plaintiff has sufficiently alleged diversity jurisdiction.  Plaintiff alleges that Kaiser is a citizen of California and that she is a citizen of Hawaii.  See ECF No. 11 at 3.  Plaintiff also alleges that she is seeking $750,000 in damages.  See id. at 6.  Based on Plaintiff's allegations, it appears that the Court has diversity jurisdiction under 28 U.S.C. § 1332.

Second, construing the Second Amended Complaint liberally and in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently stated a claim for negligence against Kaiser for purposes of proceeding with this claim.  To prove medical negligence, Plaintiff must prove that: "(1) Defendant(s) breached the applicable standard of care; and (2) The breach of the standard of care was a legal cause of injury/damage to plaintiff(s); and (3) Plaintiff(s) sustained

5

injury/damage." Hawaii Standard Civil Jury Instruction 14.1; see Bernard v. Char,

903 P.2d 676, 682 (Haw. Ct. App. 1995). In the Second Amended Complaint,

Plaintiff alleges that Kaiser owed her a duty of care as a patient, that Kaiser "acted

negligently in rendering care," and that Kaiser's negligence resulted in injury to

Plaintiff. See ECF No. 11 at 3-5. For purposes of proceeding with this claim, the

Court finds that Plaintiff has sufficiently stated a claim for negligence against

Kaiser.

Third, the Court finds that the additional allegations included for the

first time in Plaintiff's Second Amended Complaint are futile and require

dismissal. In addition to the allegations regarding the medical care she received

from Kaiser, Plaintiff alleges for the first time in the Second Amended Complaint

that she has experienced "abusive and unwanted sexual contact - 18 U.S.C. § 2244;

18 U.S.C. § 249, as Hate Crimes, 18 U.S.C. § 241, Conspiracy against rights; 18

U.S.C. § 248 1(a) Freedom of Access to Reproductive Health Clinic, 42

U.S.C. § 1983, 42 U.S.C. § 1981a, 2000e-3 (retaliation for whistleblower

complaints and published audit report deficiencies), 42 U.S.C. § 1211, 42 U.S.C.

§ 2000e-2 (employment discrimination), 18 U.S.C. § 2255 (personal injury), in

accordance with applicable common law in the United States." See ECF No. 11 at

2. Plaintiff alleges that she has experienced "civil harassments, discrimination,

other sexual abuse (workplace massages, jokes, etc.), deprivations and false imprisonments." Id. at 3.  Plaintiff lists several other cases that she has filed in this district and states that "[t]he Court should refer to the related cases cited to understand the correlation between staffers, family members, health care employees and officials who did also deny Plaintiff of certain rights and benefits under color of state and local authority." Id.  Plaintiff alleges that "[m]edical staff did intentionally deprive Plaintiff of her rights and freedoms with willful intent to discriminate, segregate, and otherwise cause pain, injury and suffering to a specific class of gender-fluid Americans." Id. at 4.

Plaintiff's allegations regarding Title 18 of the United States Code are futile.  See ECF No. 11 at 2 (referencing 18 U.S.C. § 2244, § 249, § 241, and § 248).  Title 18 is the federal criminal and penal code.  To the extent Plaintiff is attempting to assert violations of any criminal statutes, a civil complaint cannot state a claim for violation of a criminal statute.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Court RECOMMENDS that Plaintiff's Title 18 claims be DISMISSED with prejudice.

Plaintiff's allegations regarding 42 U.S.C. § 1983 are also futile as alleged in the Second Amended Complaint.  "Section 1983 imposes two essential proof requirements upon a claimant:  1) that a person acting under color of state

7

law committed the conduct at issue, and 2) that the conduct deprived the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States."  Leer v. Murphy, 844 F.2d 628, 632–33 (9th Cir. 1988).  Plaintiff's Second Amended Complaint fails to allege that Kaiser acted under color of state law.  Generally, Section 1983 applies to government officials and employees.  However, a private person may act under "color of law" when they exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  West v. Atkins, 487 U.S. 42, 49 (1988) (internal citation omitted).  Plaintiff does not allege any facts to show that Kaiser was exercising power possessed by virtue of state law or were acting under the authority of state law.  The Court RECOMMENDS that Plaintiff's Section 1983 claims be DISMISSED without prejudice.

Similarly, Plaintiff's allegations regarding 42 U.S.C. § 1981, § 12111, and § 2000e are also futile as alleged in the Second Amended Complaint.  These statutes apply to employers.  Plaintiff does not allege that Kaiser is her employer, and, based on other allegations in the Second Amended Complaint, it appears that Plaintiff's employer is another entity that is not named as a defendant.  The Court RECOMMENDS that Plaintiff's employment claims be DISMISSED without prejudice.

8

Although Plaintiff's Section 1983 claims and employment claims are deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Accordingly, the Court RECOMMENDS that Plaintiff be given leave to file a third amended complaint, addressing the deficiencies identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation.  If Plaintiff chooses to file a third amended complaint, the document must be clearly designated as the "Third Amended Complaint," the document must include all factual allegations, and may not incorporate by reference any part of the original Complaint, the First Amended Complaint, or the Second Amended Complaint.  See Local Rule 10.4.

*As an alternative to filing a Third Amended Complaint*, the Court RECOMMENDS that Plaintiff be given until July 20, 2020 to notify the Court in writing that she elects to proceed only with her medical negligence claim against Kaiser and that claim will be served.

9

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court ORDER as follows:

1.  Plaintiff's claim for medical negligence states a plausible claim for relief against Kaiser Permanente Wailuku Medical Clinics and may proceed;

2.  Plaintiff's claims under the Title 18 of the United States Code are DISMISSED with prejudice;

3.  Plaintiff's claims under 42 U.S.C. § 1983 and Plaintiff's employment claims are DISMISSED without prejudice.  Plaintiff may file an amended pleading that cures the noted deficiencies in these claims no later than thirty days from the district court's adoption of this Findings and Recommendation and the screening of any amended complaint is REFERRED to the undersigned;

4.  IN THE ALTERNATIVE, Plaintiff may notify the court in writing on or before July 20, 2020, that she elects to proceed with only her medical negligence claim against Kaiser Permanente Wailuku Medical Clinics and that claim will be served;

5.  CAUTION Plaintiff that failure to file a third amended complaint within the time frame specified above or, alternatively, to notify the Court in writing that she elects to proceed with her medical negligence claim will result in

the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 25, 2020.



_____

Wes Reber Porter
United States Magistrate Judge

**SCUTT V. KAISER PERMANENTE WAILUKU MEDICAL OFFICE, ET AL.;**
**CIVIL NO. 20-00187 HG-WRP; FINDINGS AND RECOMMENDATION THAT**
**THE DISTRICT COURT DISMISS THE SECOND AMENDED COMPLAINT IN**
**PART**