IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON SCUTT, an individual, on behalf of herself,<br><br>        Plaintiff,<br><br>  vs.<br><br>KAISER PERMANENTE WAILUKU MEDICAL CLINICS,<br><br>        Defendant. | CIV. NO. 20-00187 HG-WRP |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**(ECF No. 114)**

Plaintiff Jason Scutt, proceeding pro se, filed a Second Amended Complaint against Defendant Kaiser Foundation Health Plan, Inc. (erroneously named as "Kaiser Permanente Wailuku Medical Clinics") for medical negligence.

The Court has continuously provided assistance to Plaintiff, who is proceeding pro se.  The Magistrate Judge has issued numerous orders providing instructions and guidance to Plaintiff in matters relating to subject-matter jurisdiction, depositions, motions practice, and requests for discovery.

On numerous occasions, Plaintiff has been given leave to amend her pleadings and has repeatedly failed to comply with Court orders and instructions.

The Court has repeatedly made accommodations to assist Plaintiff, including giving Plaintiff leave to participate in electronic filing.

1

Plaintiff has filed numerous, frivolous discovery motions and has repeatedly failed to comply with both the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

Defendant now moves for Summary Judgment on the basis that Plaintiff has failed to disclose an expert in support of her medical negligence claim, the sole remaining claim in dispute.

Plaintiff acknowledges that she has not obtained an expert witness to support her medical negligence claim.  Plaintiff fails to recognize that Hawaii law requires a plaintiff to produce a medical expert to support a claim for medical negligence.  Without the necessary expert, Plaintiff's medical negligence claim fails as a matter of law.

Defendant Kaiser Foundation Health Plan, Inc.'s Motion for Summary Judgment (ECF No. 114) is **GRANTED**.

## PROCEDURAL HISTORY

On April 24, 2020, Plaintiff, proceeding pro se, filed a Complaint.  (ECF No. 1).

On the same date, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs and a Request for Appointment of Counsel.  (ECF Nos. 2 and 3).

On April 28, 2020, the Magistrate Judge issued an ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL.  (ECF No. 7).

Also on April 28, 2020, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND.  (ECF No. 6).

On May 3, 2020, Plaintiff filed a FIRST AMENDED COMPLAINT. (ECF No. 8).

On May 18, 2020, the Court issued an ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND.  (ECF No. 9).

On June 4, 2020, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND.  (ECF No. 10).

On June 7, 2020, Plaintiff filed a SECOND AMENDED COMPLAINT. (ECF No. 11).

On June 24, 2020, the Court issued an ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND. (ECF No. 12).

On June 25, 2020, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE SECOND AMENDED COMPLAINT IN PART.  (ECF No. 13).

On June 30, 2020, Plaintiff filed a pleading indicating that she wished to proceed on the only remaining claim in her Second Amended Complaint for medical negligence against the Defendant

rather than filing a Third Amended Complaint.  (ECF No. 14).

On July 30, 2020, the Court issued an ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE SECOND AMENDED COMPLAINT IN PART.  (ECF No. 15).

On July 31, 2020, the Magistrate Judge issued an ORDER DIRECTING SERVICE OF THE SECOND AMENDED COMPLAINT.  (ECF No. 16).

On November 6, 2020, the Magistrate Judge issued an Order instructing Plaintiff that she failed to provide the necessary forms for service of process.  (ECF No. 22).

On April 9, 2021, Defendant filed a Motion to Strike Portions of Plaintiff's Second Amended Complaint and for More Definite Statement.  (ECF No. 27).

On May 17, 2021, the Magistrate Judge issued an ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT AND FOR MORE DEFINITE STATEMENT.  (ECF No. 31).

On June 22, 2021, the Magistrate Judge held a Rule 16 Scheduling Conference.  (ECF No. 44).

On June 23, 2021, the Magistrate Judge issued the Rule 16 Scheduling Order.  (ECF No. 45).

On July 16, 2021, Plaintiff filed a Request for Leave to Depose More Than 10 Witnesses.  (ECF No. 51).

On July 19, 2021, the Magistrate Judge issued an Order Denying Plaintiff's Request For Leave to Depose More Than 10

Witnesses.  (ECF No. 53).

On August 4, 2021, Plaintiff filed a Request to Participate in Electronic Filing.  (ECF No. 55).

On August 6, 2021, the Magistrate Judge issued an Order Granting Plaintiff's Request to Participate in Electronic Filing.  (ECF No. 56).

On August 13, 2021, Plaintiff filed a Motion to Compel Discovery of Witnesses and Request for Leave to Amend.  (ECF No. 60).

On August 18, 2021, Plaintiff filed a Response To Discovery Objections.  (ECF No. 63).

On October 4, 2021, the Magistrate Judge issued a Minute Order denying Plaintiff's Motion to Compel Discovery of Witness and Request for Leave to Amend and Objections to Discovery.  (ECF No. 71).

On October 12, 2021, Plaintiff filed a Motion to Amend Pleading to Include Related Defendant.  (ECF No. 73).

On October 19, 2021, the Magistrate Judge issued an ORDER DENYING MOTION TO AMEND PLEADING TO INCLUDE RELATED DEFENDANT.  (ECF No. 76).

On November 5, 2021, Plaintiff filed a Local Rule 37 Letter Brief, which the Magistrate Judge found failed to conform to the Local Rules for the District of Hawaii.  (ECF Nos. 79, 80).

On November 12, 2021, Plaintiff filed an Ex Parte Motion for Appointment of Expert Witness.  (ECF No. 82).

On November 16, 2021, the Magistrate Judge issued an ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR APPOINTMENT OF EXPERT WITNESS.  (ECF No. 83).

On November 30, 2021, Plaintiff filed a Motion for Appointment of 2 Neutral Expert Witnesses.  (ECF No. 88).

On December 15, 2021, Plaintiff again filed a Letter Brief pursuant to Local Rule 37, which the Magistrate Judge again ruled failed to comply with the Local Rules.  (ECF Nos. 96, 97).

On December 16, 2021, Plaintiff filed a Motion to Compel Discovery and Amend Pleading.  (ECF No. 98).

On December 21, 2021, the Magistrate Judge issued an ORDER DENYING MOTION TO AMEND PLEADING.  (ECF No. 102).

On December 30, 2021, the Magistrate Judge issued an ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF 2 NEUTRAL EXPERT WITNESSES.  (ECF No. 106).

On January 13, 2022, Plaintiff filed a Motion for Order Directing Service of Subpoenas and Depositions.  (ECF No. 111).

On January 18, 2022, Defendant filed a MOTION FOR SUMMARY JUDGMENT and a CONCISE STATEMENT OF FACTS IN SUPPORT.  (ECF Nos. 114, 115).

On January 19, 2022, Defendant filed an Errata.  (ECF No. 118).

On January 20, 2022, the Court issued a briefing schedule on Defendant's Motion for Summary Judgment.  (ECF No. 119).

On January 27, 2022, Plaintiff filed an Opposition to

Defendant's Motion for Summary Judgment (ECF No. 121), which was stricken for failing to comply with the Local Rules for the District of Hawaii.  (ECF No. 123).  The Court instructed Plaintiff as to how to file her Opposition and extended the briefing schedule to allow Plaintiff to file her Opposition in conformity with the rules.  (Id.)

On January 28, 2022, the Magistrate Judge issued an ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL.  (ECF No. 124).

On January 31, 2022, Plaintiff filed her Opposition and Concise Statement in Opposition to Defendant's Motion for Summary Judgment.  (ECF Nos. 127, 128).

On February 18, 2022, Defendant filed its Reply and Concise Statement in Reply in support of its Motion for Summary Judgment.  (ECF Nos. 132, 133).

On February 24, 2022, the Court issued a Minute Order stating that it elected to decide Defendant's Motion for Summary Judgment without a hearing pursuant to Local Rule 7.1(c).  (ECF No. 134).

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  To defeat summary judgment "there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party."

Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. That burden is met by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d

8

1044, 1049 (9th Cir. 1995).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson, 477 U.S. at 249-50).

The court views the facts in the light most favorable to the non-moving party. State Farm Fire & Cas. Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).  Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed.  Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324.  The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial.  Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630.  The opposing party cannot rest on mere allegations or denials.  Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994).  "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." Hansen v. U.S., 7 F.3d 137, 138 (9th Cir. 1993); see also Nat'l Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

### I. Plaintiff's Sole Remaining Cause Of Action Is For Medical Negligence Pursuant To Hawaii Law

On June 6, 2020, Plaintiff filed her Second Amended

9

Complaint, alleging that Defendant is liable for medical negligence for treatment she received at Kaiser Permanente Wailuku Medical Clinics in 2018, 2019, and 2020. (Second Amended Complaint at pp. 3-4, ECF No. 11).

On June 25, 2020, the Magistrate Judge issued a Findings and Recommendation that the District Court Dismiss The Second Amended Complaint In Part. (ECF No. 13). Specifically, the Magistrate Judge found that Plaintiff had sufficiently alleged diversity jurisdiction against Defendant Kaiser Foundation Health Plan, Inc. and that Plaintiff had sufficiently stated a claim against Defendant for medical negligence. (Id. at pp. 5-6).

The Magistrate Judge recommended that the Court dismiss the remaining claims asserted in the Second Amended Complaint because Plaintiff failed to plausibly allege sufficient facts to state any additional claims against Defendant. (Id. at pp. 6-9).

The Findings and Recommendation provided Plaintiff with two options:

First, Plaintiff was provided the opportunity to proceed against Defendant solely on her medical negligence cause of action stated in the Second Amended Complaint; or,

Second, Plaintiff, in the alternative, could decline to proceed on the sole count in her Second Amended Complaint and could choose to file a Third Amended Complaint and attempt to cure the deficiencies identified in the Findings and Recommendation. (Findings and Recommendation at pp. 9-11).

On June 30, 2020, Plaintiff filed a NOTIFICATION OF ACCEPTANCES OF COURT'S ALTERNATIVE OPTION.  (ECF No. 14).  In the Notification, Plaintiff elected to proceed against Defendant on the sole count for medical negligence stated in the Second Amended Complaint.  (Id.)  Plaintiff stated that "she will accept the Court's alternative to submitting a Third Amended Complaint and will serve the documents for medical malpractice/negligence only."  (Id.)

On July 30, 2020, the District Court adopted the Magistrate Judge's June 25, 2020 Findings and Recommendation.  (ECF No. 15).

On July 31, 2020, the Magistrate Judge directed service of the Second Amended Complaint and the Parties proceeded to engage in discovery as to Plaintiff's sole claim for medical negligence.  (ECF No. 16).

**II.  The Deadline For Plaintiff's Expert Disclosures Was December 20, 2021 And No Expert Was Disclosed By Plaintiff**

On June 22, 2021, the Magistrate Judge held a scheduling conference pursuant to Federal Rule of Civil Procedure 16.  (ECF No. 44).  The following day, the Magistrate Judge issued the Rule 16 Scheduling Order.  (ECF No. 45).  The Scheduling Order set December 20, 2021 as the deadline for Plaintiff to comply with Federal Rule of Civil Procedure 26(a)(2) and Federal Rules of Evidence 702, 703, and 705 regarding the disclosure of expert witnesses.  (Id. at p. 2).

Plaintiff did not disclose an expert report.

11

Plaintiff concedes that she agreed to proceed against Defendant solely on her claim for medical negligence. (Pla.'s Concise Statement of Facts ("CSF") at ¶¶ 1-2, ECF No. 128).

Plaintiff acknowledges that she has not retained an expert and did not disclose an expert report by December 20, 2021. Defendant instead states that she made a good faith effort to obtain an expert but was unable to either retain one or have one appointed for her. (Id. at ¶¶ 10, 13).

The Court denied Plaintiff's request for the Court to appoint a medical expert on her behalf. (ECF Nos. 83, 106).

No medical expert has been disclosed by Plaintiff in this case to support her medical negligence cause of action.

**III. Defendant Is Entitled To Summary Judgment On Plaintiff's Sole Claim For Medical Negligence As Plaintiff Cannot Meet Her Burden Of Proof At Trial**

Plaintiff's sole cause of action in her Second Amended Complaint is for medical negligence pursuant to Hawaii law. (Second Amended Complaint, ECF No. 11); see Molokai New Energy Partners, LLC v. Maui Electric Co., Ltd., Civ. No. 20-00134 JMS-KJM, 2021 WL 3197031, *5 n.5 (explaining that pursuant to the Erie doctrine, substantive Hawaii law applies in diversity cases in the District of Hawaii).

As the Court has previously explained, "[u]nder Hawaii law, a plaintiff is only required to provide expert testimony to establish her prima facie case in limited circumstances." Barber

v. Ohana Military Communities, LLC, Civ. No. 14-00217 HG-KSC, 2015 WL 4171984, *6 (D. Haw. 2015).

"Expert testimony is not required in an ordinary negligence case. Hawaii law provides that in an ordinary negligence case, the jury can determine whether there has been a breach of a defendant's duty to the plaintiff on the basis of their everyday experience, observations, and judgment." Id. at *7 (citing Exotics Hawaii-Kona, Inc. v. E.I. DuPont De Nemours & Co., 172 P.3d 1021, 1043 (Haw. 2007) (citing Bernard v. Char, 903 P.2d 676, 682 (Haw. App. 1995))).

An ordinary negligence case does not require expert opinion evidence to delineate acceptable from unacceptable standards of care for the jury. Exotics Hawaii-Kona, Inc., 172 P.3d at 1043-44.

Here, Plaintiff's negligence cause of action is not for ordinary negligence, but it is for medical negligence. (See Second Amended Complaint, ECF No. 11; Pla.'s Notification Of Acceptance, ECF No. 14).

In the Second Amended Complaint, Plaintiff alleges that Defendant's physicians and staff "neglected to treat [her] for serious injuries," conducted "unnecessary medical procedures," and caused her further injuries because she did not receive appropriate standards of care. (Second Amended Complaint at pp. 4-5, ECF No. 11). Plaintiff also alleges that Defendant "is responsible for the physicians and staff who acted negligently in

13

rendering care," including "prescribing dangerous drug treatment for shingles which were later rescinded." (Id. at p. 5). Plaintiff alleges that she "required ongoing therapy for mental, physical and emotional trauma caused by these incidents." (Id.)

Hawaii courts treat ordinary negligence cases differently from medical negligence cases and apply different standards. See Casper v. Ayasanonda, 334 P.3d 777, *3-6 (Haw. App. 2014) (Unpublished). Hawaii courts require a plaintiff to present expert testimony in medical negligence cases. Barbee v. Queen's Medical Center, 194 P.3d 1098, 1120 (Haw. App. 2008); see Domingo ex rel. Domingo v. T.K., M.D., 289 F.3d 600, 607-08 (9th Cir. 2002).

Medical expert testimony is required in medical negligence cases because an expert is needed to explain why the defendant's medical treatment deviated from any of the methods of treatment approved by the standards of the medical profession. Bernard, 903 P.2d at 682.

Plaintiff's failure to provide an expert witness is fatal to her sole claim for medical negligence pursuant to Hawaii law. See Raymond v. Cnty. of Kauai, Civ. No. 15-00212 ACK-RLP, 2017 WL 2815059, *16 (D. Haw. June 26, 2017) (granting summary judgment for Wilcox Memorial Hospital on plaintiff's medical negligence claim due to plaintiff's failure to disclose an expert to support his claim).

The nature of Plaintiff's medical negligence cause of action

is not one where the negligence would be "common knowledge" or obvious to lay jurors such as a sponge left in the cavity of a patient during surgery.  See Medina v. Figuered, 647 P.2d 292, 294 (Haw. App. 1982).  Rather, the type of medical negligence alleged by the Plaintiff requires testimony on the appropriate medical standards of care and the alleged negligent treatment she suffered without which Plaintiff cannot prevail at trial. Bernard, 903 P.2d at 682 (Haw. App. 1995); Craft v. Peebles, 893 P.2d 138, 149 (Haw. 1995) (explaining that expert medical testimony is generally required because a jury lacks the requisite special knowledge, technical training, and background to be able to determine the applicable standard of care without the assistance of an expert).

There are no other remaining viable claims in Plaintiff's Second Amended Complaint.  (See Order Granting In Part And Denying In Part Defendant's Motion To Strike Portions Of Plaintiff's Second Amended Complaint And For More Definite Statement at p. 6, ECF No. 31).

Defendant Kaiser Foundation Health Plan, Inc.'s Motion for Summary Judgment (ECF No. 114) is **GRANTED**.

//
//
//
//
//

## **CONCLUSION**

Defendant Kaiser Foundation Health Plan, Inc.'s Motion for Summary Judgment (ECF No. 114) is **GRANTED**.

The Clerk of Court is **DIRECTED** to enter Judgment in favor of Defendant and to **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: March 21, 2022, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Jason Scutt v. Kaiser Permanente Wailuku Medical Clinics, Civ. No. 20-00187 HG-WRP; **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 114)**

16