IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JASON SCUTT,                              )   Civ. No. 20-00187 HG-WRP
                                          )
                                          )
                    Plaintiff,            )
                                          )
         vs.                              )
                                          )
KAISER PERMANENTE WAILUKU                 )
MEDICAL CLINICS,                          )
                                          )
                                          )
                    Defendant.            )
                                          )

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT
(ECF No. 144)**

Plaintiff Jason Scutt, proceeding pro se, filed a Motion For Relief From Judgment on the basis of "fraud on the Court." Plaintiff seeks to vacate the Judgment entered by the Court more than four years ago on March 21, 2022, which was affirmed by the Ninth Circuit Court of Appeals.

Plaintiff's June 15, 2026 Motion was filed pursuant to Fed. R. Civ. P. 60(b) and (d)(3).

Plaintiff's Motion seeking to set aside the District Court's March 21, 2022 Judgment based on Rule 60(b) is untimely.

To the extent Plaintiff's Motion is filed pursuant to Rule 60(d)(3), there is no basis to set aside the March 2022 Judgment. Plaintiff has provided no evidence to demonstrate fraud on the Court. Plaintiff also has not established extraordinary circumstances that would merit relief as requested.

1

Plaintiff's MOTION FOR RELIEF FROM JUDGMENT (ECF No. 144) is

**DENIED.**

## PROCEDURAL HISTORY

**DISTRICT COURT PROCEEDINGS**

On April 24, 2020, Plaintiff, proceeding pro se, filed a Complaint.  (ECF No. 1).

On April 28, 2020, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND.  (ECF No. 6).

On May 3, 2020, without leave of Court, Plaintiff filed the First Amended Complaint.  (ECF No. 8).

On May 18, 2020, the Court issued an ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT WITH LEAVE TO AMEND.  (ECF No. 9).

On June 4, 2020, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND.  (ECF No. 10).

On June 7, 2020, again without leave of Court, Plaintiff filed the SECOND AMENDED COMPLAINT.  (ECF No. 11).

On June 24, 2020, the Court issued an ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND.

2

(ECF No. 12).

On June 25, 2020, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE SECOND AMENDED COMPLAINT IN PART.  (ECF No. 13).

On July 30, 2020, the Court issued an ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE SECOND AMENDED COMPLAINT IN PART.  (ECF No. 15).

On July 31, 2020, the Magistrate Judge issued an ORDER DIRECTING SERVICE OF THE SECOND AMENDED COMPLAINT.  (ECF No. 16).

On April 9, 2021, Defendant filed a Motion to Strike.  (ECF No. 27).

On May 17, 2021, the Magistrate Judge issued an ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT AND FOR MORE DEFINITE STATEMENT.  (ECF No. 31).

On January 18, 2022, Defendant filed a Motion for Summary Judgment.  (ECF No. 114).

On January 27, 2022, Plaintiff filed an Opposition.  (ECF No. 121).

On January 28, 2022, the Court issued a Minute Order striking Plaintiff's Opposition for failure to comply with the District of Hawaii Local Rules and granted Plaintiff leave to file another Opposition.  (ECF No. 123).

On January 31, 2022, Plaintiff filed her Opposition to Defendant's Motion for Summary Judgment.  (ECF No. 127).

On February 18, 2022, Defendant filed its Reply.  (ECF No. 132).

On March 21, 2022, the Court issued an ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.  (ECF No. 136).

Also on March 21, 2022, the Court issued the Judgment.  (ECF No. 137).

On March 22, 2022, Plaintiff filed a Notice of Appeal.  (ECF No. 138).

**APPELLATE COURT PROCEEDINGS**

On June 16, 2022, the Ninth Circuit Court of Appeals affirmed the District Court's Judgment.  (ECF No. 142).

On July 8, 2022, the Mandate was issued.  (ECF No. 143).

**PROCEEDINGS SEEKING RELIEF FROM JUDGMENT**

On June 15, 2026, Plaintiff, proceeding pro se, filed the Motion for Relief from Judgment.  (ECF No. 144).

On June 29, 2026, Defendant filed an Opposition.  (ECF No. 145).

On June 30, 2026, the Court issued a Minute Order striking Defendant's Opposition and granted Defendant leave to file an Amended Opposition.  (ECF No. 146).

On July 2, 2026, Defendant filed its Amended Opposition.

4

(ECF No. 147).

On July 7, 2026, Plaintiff filed the Reply.  (ECF No. 148).

On July 13, 2026, Plaintiff filed a second Reply addressing Defendant's Amended Opposition.  (ECF No. 149).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) permits relief from final judgments, orders, or proceedings.  Rule 60(b) provides six separate bases for relief.  The rule provides, as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;
>
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)  the judgment is void;
>
> (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In addition, Federal Rule of Civil Procedure 60(d)(3) provides that Rule 60 "does not limit a court's power to set aside a judgment for fraud on the court."  Fed. R. Civ. P. 60(d)(3).

A successful motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision.  Second, the motion must set forth facts or law of a "strongly convincing" nature to induce the Court to reverse its prior decision.  Jacob v. United States, 128 F.Supp.2d 638, 641 (D. Haw. 2000).

Mere disagreement with a court's analysis is not a sufficient basis for relief pursuant to Fed. R. Civ. P. 60. Sierra Club v. City and Cnty. of Honolulu, 486 F.Supp.2d 1185, 1188 (D. Haw. 2007) (citing Haw. Stevedores, Inc. v. HT & T Co., 363 F.Supp.2d 1253, 1269 (D. Haw. 2005)).

The decision to grant relief pursuant to Fed. R. Civ. P. 60 is committed to the sound discretion of the court.  Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

## **ANALYSIS**

## **I.   Consideration for Pro Se Litigants**

The Court recognizes that Plaintiff is proceeding pro se. Pro se pleadings are construed liberally.  Balistreri v. Pacifica

6

Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Pro se litigants are not excused from complying with the Federal Rules of Civil Procedure and the Local Rules for the District Court for the District of Hawaii.  Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000).  Pro se litigants must comply with the same rules of procedure that govern other litigants.  Motoyama v. Haw. Dep't of Transp., 864 F.Supp.2d 965, 975 (D. Haw. 2012).

## II.  Plaintiff's Rule 60(b) Motion Is Untimely

Plaintiff's Motion asserts that it seeks relief, in part, based on "fraud on the Court" pursuant to Fed. R. Civ. P. 60(b)(3).  (Pla.'s Motion, ECF No. 144).

A motion filed pursuant to Rule 60(b)(3) for fraud on the Court must be made no more than one year after the entry of the judgment from which a party seeks relief.  Fed. R. Civ. P. 60(c)(1); see Coney Island Auto Parts Unlimited, Inc. v. Burton Trustee for Vista-Pro Automotive, LLC, 607 U.S. 155, 157 (2026) (explaining that Rule 60(c)(1) imposes a 1-year limit on Rule 60(b) motions alleging mistake, new evidence, or fraud).

Judgment was entered on March 21, 2022. (ECF No. 137). Plaintiff's Motion was filed more than four years later on June 15, 2026. (ECF No. 144).  Plaintiff's Motion to the extent it was filed pursuant to Fed. R. Civ. P. 60(b)(3) is untimely.  Fed. R.

7

Civ. P. 60(c)(1); <u>Hollis-Arrington v. Cendant Mortg. Corp.</u>, 465
Fed. Appx. 675, 675 (9th Cir. 2012).

The Court lacks jurisdiction to consider Plaintiff's
untimely Motion filed pursuant to Fed. R. Civ. P. 60(b)(3).
<u>Nevitt v. United States</u>, 886 F.2d 1187, 1188 (9th Cir. 1989) (a
district court lacks jurisdiction to consider an untimely motion
to set aside a judgment).

To the extent the Motion was filed pursuant to Fed. R. Civ.
P. 60(b)(6) for "any other reason," Plaintiff's June 2026 Motion
filed more than four years after entry of the March 2022 Judgment
was not within a reasonable amount of time. <u>See</u> Fed. R. Civ. P.
60(c)(1); <u>Ashford v. Steuart</u>, 657 F.2d 1053, 1054-55 (9th Cir.
1981).

## III. **Plaintiff's Motion For Relief From Judgment Lacks Merit**

Plaintiff also filed her Motion pursuant to Fed. R. Civ. P.
60(d)(3), which does not have a specific time limitation. <u>Fuller
v. Johnson</u>, 107 F.Supp.3d 1161, 1170 (W.D. Wash. 2015).
Plaintiff has not provided any valid basis to vacate the Judgment
entered on March 21, 2022.

To prevail on a Motion for Relief from Judgment based on
fraud on the court, the moving party must prove by clear and
convincing evidence that the judgment was obtained through fraud,
misrepresentation, or other misconduct by the opposing party and

that the conduct complained of prevented the losing party from

fully and fairly presenting the defense.  Casey v. Albertson's

Inc., 362 F.3d 1254, 1260 (9th Cir. 2004).

The Court issued an Order Granting Defendant's Motion for

Summary Judgment on March 21, 2022.  (ECF No. 136).  Plaintiff

was afforded considerable flexibility as she proceeded pro se.

As the Court explained at length in the summary judgment order:

> The Court has continuously provided assistance to
> Plaintiff, who is proceeding pro se.  The Magistrate
> Judge has issued numerous orders providing instructions
> and guidance to Plaintiff in matters relating to
> subject-matter jurisdiction, depositions, motions
> practice, and requests for discovery.
>
> On numerous occasions, Plaintiff has been given leave
> to amend her pleadings and has repeatedly failed to
> comply with Court orders and instructions.
>
> The Court has repeatedly made accommodations to assist
> Plaintiff, including giving Plaintiff leave to
> participate in electronic filing.
>
> Plaintiff has filed numerous, frivolous discovery
> motions and has repeatedly failed to comply with both
> the Federal Rules of Civil Procedure and the Local
> Rules for the District of Hawaii.

(March 21, 2022 Order at pp. 1-2, ECF No. 136).

The Court explained in the Order that medical expert

testimony is required in medical negligence cases pursuant to

Hawaii law, citing Barbee v. Queen's Medical Center, 194 P.3d

1098, 1120 (Haw. App. 2008).  The Court granted Defendant's

Motion for Summary Judgment as a matter of law because Plaintiff

failed to produce a medical expert to support her sole claim for

medical negligence.   (March 21, 2022 Order at pp. 14-15, ECF No. 136).

On June 16, 2022, the Ninth Circuit Court of Appeals affirmed the District Court's ruling.   (ECF No. 142).

Plaintiff has not provided any evidence, much less clear and convincing evidence, of fraud upon the Court that affected the summary judgment decision.   Latshaw, 452 F.3d at 1104.

Plaintiff was not entitled to have an expert appointed on her behalf.   Plaintiff failed to provide an expert report as required to support her claim of medical negligence.   There is no evidence of any fraud upon the Court that prevented Plaintiff from presenting her own case for medical negligence.   Bunch v. United States, 680 F.2d 1271, 1283 (9th Cir. 1982).

Plaintiff's Motion does not contain any evidence of fraud, which is fatal to her Rule 60(d)(3) Motion.   Plaintiff's allegations of fraud are insufficient to establish clear and convincing evidence of fraud.   Demonstrating fraud on the court requires more than merely alleging fraud, misrepresentation, or misconduct by counsel or an opposing party; it requires evidence of fraud that "defiles the court or is perpetrated by officers of the court."   United States v. Chapman, 642 F.3d 1236, 1240 (9th Cir. 2011); see Latshaw, 452 F.3d at 1104 (explaining that a party must demonstrate "an 'unconscionable plan or scheme which is designed to improperly influence the court in its decision'")

(quoting <u>Abatti v. Comm'r</u>, 859 F.2d 115, 118 (9th Cir. 1988)).

Plaintiff's dissatisfaction with the Court's previous Orders, the Judgment of the Court, and the decision on appeal by the Ninth Circuit Court of Appeals is insufficient to set aside the Judgment. <u>White v. Sabatino</u>, 424 F.Supp.2d 1271, 1274 (D. Haw. 2006); <u>Haw. Stevedores, Inc. v. HT & T Co.</u>, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005).

There is no other extraordinary circumstances to set aside the Judgment. <u>Latshaw</u>, 452 F.3d at 1103.

<strong><u>CONCLUSION</u></strong>

Plaintiff's Motion for Relief From Judgment (ECF No. 144) is **DENIED.**

Plaintiff's in forma pauperis status is **REVOKED.**

The Clerk of Court is **DIRECTED TO CLOSE THE CASE.**

No other filings will be accepted in this Closed Case, other than a Notice of Appeal, without leave of Court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 17, 2026.

Helen Gillmor
United States District Judge

<u>Jason Scutt v. Kaiser Permanente Wailuku Medical Clinics</u>, Civ. No. 20-00187 HG-WRP; **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 144)**   11